UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---

ERIKA HERNANDEZ-STERLING,  )
                           )
         Plaintiff,        )
                           )
    v.                     )      CIVIL ACTION
                           )      NO. 3:19-01323-WGY
JORGE A. RUIZ-CABRERA,     )
                           )
         Defendant.        )
---

YOUNG, D.J.[1]                                June 20, 2019

## ORDER DISMISSING CASE

On April 8, 2019, pro se plaintiff Ericka Hernandez Sterling ("Hernandez-Sterling") filed this action against Jorge A. Ruiz-Cabrera for $62,193.03 in unpaid child support obligations. Compl. 1. Along with her complaint, Hernandez-Sterling filed a motion to proceed in forma pauperis (ECF No. 2), which is meritorious and is ALLOWED. Because Hernandez-Sterling is proceeding in forma pauperis, her complaint is subject to screening pursuant to 28 U.S.C. §1915(e)(2). This Court also has an independent obligation to assess its jurisdiction, McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004)("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter

---

[1] Of the District of Massachusetts, sitting by designation.

jurisdiction."), and "[i]f the Court determines at any time that it lacks subject matter jurisdiction, the court must dismiss action." Fed. R. Civ. P. 12(h)(3).

Here, Hernandez-Sterling seeks relief solely under 18 U.S.C. § 228 ("Section 228"), a federal criminal statute relating to child support enforcement by the federal government. 18 U.S.C. §228. Even though Section 228 provides criminal restitution remedies, Congress did not create a federal right under that statute for a private citizen, such as Hernandez-Sterling, to bring a civil action to recover child support arrearages. See e.g., Slahuddin v. Alaji, 232 F.3d 305, 311-12 (2nd Cir. 2000) (affirming sua sponte dismissal of action and holding no implied private right of action under Section 228); Warren v. Scales, No. 1:18CV24, 2018 WL 6839787, at *2 (M.D.N.C. Mar. 16, 2018) (dismissing civil action sua sponte brought under Section 228); Darby v. Darby, No. 5:15-CV-521-FL, 2016 WL 6477047, at *1 (E.D.N.C. Oct. 13, 2016)(same), report and recommendation adopted, No. 5:15-CV-521-FL, 2016 WL 6459613 (E.D.N.C. Oct. 31, 2016);Guichardo v. Barraza, No. 16-CV-1222 (MKB), 2016 WL 3541547, at *2 (E.D.N.Y. June 23, 2016)(same). Thus, there is no federal question jurisdiction under 28 U.S.C. §1331 presented in Sterling's complaint. While Hernandez-Sterling does not attempt to proceed under federal diversity jurisdiction, 28 U.S.C. §1332, it appears absent in any event.

[2]

While the parties appear to be completely diverse — Sterling appears to be a citizen of Puerto Rico and Ruiz appears to be a citizen of New Jersey - the amount sought ($62,193.03), exclusive of interest and costs, does not meet the $75,000 amount-in-controversy threshold. 28 U.S.C. §1332(a); see Jagiella v. Jagiella, 647 F.2d 561, 564 (5th Cir. 1981) (amount in controversy existed where child support arrearage exceeded amount in controversy amount).

Accordingly, this action is hereby DISMISSED without prejudice for lack of subject matter jurisdiction. The Clerk is directed to enter an order of dismissal without prejudice. To be clear, this order and dismissal are not an adjudication on the merits of Hernandez-Sterling's claims, and does not preclude her from pursuing alleged child support arrearages in other courts of competent jurisdiction.

**SO ORDERED.**

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE